UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
                                                  :

UMBRA LLC,                                     :

                               :

                         Plaintiff,        :     **COMPLAINT**

                               :

               -against-           :

                               :     15 Civ. ___

HONEY-CAN-DO INTERNATIONAL, LLC,   :

                               :

                               :

                      Defendant.     :

                               :

------------------------------------------------------------------------ X

          Plaintiff Umbra LLC ("Umbra"), for its Complaint against defendant Honey-Can-Do International, LLC ("Honey-Can-Do") alleges as follows:

## NATURE OF THE ACTION

          1.     This action seeks monetary and equitable relief for patent infringement in violation of the Patent Act (35 U.S.C. § 1 *et seq.*), trade dress infringement in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)), and common law unfair competition under New York law.

## THE PARTIES

          2.     Plaintiff Umbra is a New York limited liability company having its principal place of business at 1705 Broadway Street, Buffalo, New York 14212.  Umbra does business in this judicial district.

          3.     On information and belief, defendant Honey-Can-Do is a limited liability corporation and existing under the laws of the State of Illinois with its principal place of business at 5760 McDermott Drive, Berkeley, Illinois 60163.  Honey-Can-Do does business in this judicial district.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

5.      The Court has personal jurisdiction over Honey-Can-Do because Honey-Can-Do has engaged in the following acts in this judicial district:  transacting and soliciting business, contracting to supply goods, advertising and marketing goods, supplying and selling goods to buyers, and selling goods through online sales to customers.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (d), and 1400(b), because on information and belief, Honey-Can-Do has engaged in the complained-of acts in this judicial district.

## PRELIMINARY STATEMENT

7.      This action arises out of a pattern of conduct in which Honey-Can-Do misappropriates and profits from Umbra's protected intellectual property rights.  First, Honey-Can-Do is distributing and selling a knock-off of Umbra's LITTLE BLACK DRESS® hanging jewelry organizer, one of Umbra's best-sellers, and thereby infringing U.S. Patent No. D657,172 (the "'172 Patent"), which is owned by Umbra.  Second, Honey-Can-Do is distributing and selling a product embodying the trade dress of Umbra's GARBINO® trash can, another best-seller, which is protected by Trademark Registration No. 4446194, again, owned by Umbra. Umbra seeks a permanent injunction prohibiting Honey-Can-Do from misappropriating and infringing Umbra's intellectual property, as well as damages sufficient to compensate Umbra for Honey-Can-Do's infringing conduct.

## FACTUAL BACKGROUND

8.      Over a period of 30 years, Umbra has developed and maintained, at considerable expense, in the United States and worldwide, valuable patent and trade dress

protection, a valuable trade name, a reputation for excellence, and valued relationships with retailers and customers.

9.      To develop and maintain these assets and associated good will, and to protect its innovative designs, Umbra has invested substantial amounts of money, time, and other resources.

10.     Among the products that Umbra has developed and honed over time are the LITTLE BLACK DRESS® and the GARBINO® trash can, both of which are protected by valuable intellectual property rights owned by Umbra.

11.     The design for the LITTLE BLACK DRESS® was developed in 2011 after extensive time, labor, and development costs.  At a time when other manufacturers were creating ubiquitous rectangular and square shaped containers, Umbra saw a need for a unique storage container.  The cost of launching the LITTLE BLACK DRESS® was over $30,000.

12.     After months of development with various vendors to achieve the right size, design, and function, Umbra created a dress-shaped organizer that was designed to fit and blend into a closet.  Umbra designed the organizer with pockets on one side, intended to hold and display jewelry, and Velcro straps on the back side to hold longer necklaces.  This organizer was designed to be easy to pull out of a closet and/or to hang on wall hook in order to see the contents at a glance.

13.     In the four years the LITTLE BLACK DRESS® has been marketed and offered for sale, over 660,000 units have been sold, with monetary sales of over $4.2 million.

14.     The trade dress for the GARBINO® trash can was also developed after extensive time, labor, and development costs.  The development cost for the design of the

GARBINO® trash can was approximately $125,000, which consisted of injection molding tooling and mold development costs.

15.     The trade dress for the GARBINO® trash can has acquired distinctiveness. The GARBINO® trash can was designed in 1996, and has been marketed to the consuming public continuously for 19 years.  The product was designed by well-known New York designer Karim Rashid.  The trade dress has been made part of the permanent collection at the Museum of Modern Art in New York City.  The design of the GARBINO® trash can is thus a distinctive design identified with Umbra that is considered an art piece, as opposed to a utilitarian trash can. Moreover, the product design was featured on the HGTV Series "Design DNA" in 2011, attesting to the fame of the design, the longevity of the product, and the fact that consumers recognize the product design as coming from Umbra.  In addition, unsolicited reviews of the product design exist, such as the June 2013 review of the product in "RockPaperInk Inspiration, Ideas, and Opinions from Design Fanatics," the DW review "Canadian Designs:  Umbra 'Garbino' trash can," the 2012 review of the product on "Fab is the World's Design Store," the feature of the GARBINO® trash can in InStyle magazine, and the Design DNA Special Guest Blogger Feature about the GARBINO® trash can.

16.     In the 19 years the GARBINO® trash can has been marketed and offered for sale, over 1.3 million units have been sold, with monetary sales of over $28 million.

17.     The GARBINO® trash can is marketed extensively, and is available from many sources, including directly from Umbra, Amazon, and Bed Bath & Beyond, among many others.

**The '172 Patent and the LITTLE BLACK DRESS™**

18.     On or about October 20, 2011, Umbra filed a design patent application with the United States Patent and Trademark Office (the "PTO") claiming the ornamental design for a dress-shaped organizer.  On April 10, 2012, the PTO duly and legally issued United States Design Patent No. D657,172 (the "'172 Patent"), showing and describing the "ornamental design for a dress-shaped organizer," with Umbra as the assignee.  A true and correct copy of the '172 Patent is attached hereto as Exhibit A.

19.     Umbra is the owner of the entire right, title, and interest in and to the '172 Patent, and as such, has the right to sue and recover for past, present, and future infringement of the '172 Patent and to obtain the relief claimed in this Complaint.  The '172 Patent is in full force and effect.

20.     Umbra has advertised, offered for sale, and sold throughout the United States and elsewhere a dress-shaped organizer commonly known as and marketed as the LITTLE BLACK DRESS®, which embodies the design and drawings of the '172 Patent.

21.     Pursuant to 35 U.S.C. § 287, since on or about the issue date of the '172 Patent, Umbra has marked each LITTLE BLACK DRESS® it has designed, manufactured, and sold in accordance with the '172 Patent with the full patent number for the '172 Patent.  Prior to the patent issue date, such products were marked as "patent pending."

22.     On information and belief, without Umbra's authorization, Honey-Can-Do advertises, offers for sale, distributes, and sells a knock-off copy of Umbra's LITTLE BLACK DRESS® dress-shaped organizer under the name "Jewelry Organizer" (the "Patent Infringing Product"), in this judicial district and throughout the United States, to distributors such as ALDI,

Inc. ("ALDI").  The Patent Infringing Product is prominently advertised as including "33 clear pockets to see contents" and "24 fabric loops for necklaces and bracelets."

23.     On or about October 13, 2015, Umbra discovered that ALDI was selling the Patent Infringing Product.  In view thereof, on October 13, 2015, Umbra emailed ALDI, informing it of ALDI's infringement of the '172 Patent.  After a subsequent phone call and correspondence on October 15, 2015, ALDI referred Umbra to Honey-Can-Do, who, on information and belief, marketed, imported, and sold the Patent Infringing Product to ALDI.

24.     On or about October 16, 2015, Honey-Can-Do sent Umbra a letter in which legal counsel advised Honey-Can-Do that it had conducted a due diligence analysis and determined that "Jewelry Organizer" does not infringe the '172 Patent.  A true and correct copy of the October 15, 2015 letter is attached hereto as Exhibit B.

25.     On or about October 28, 2015, Umbra wrote to Honey-Can-Do, advising that Umbra owned the '172 Patent, and demanding that Honey-Can-Do cease and desist from importing and selling the Patent Infringing Product.  A true and correct copy of the October 28, 2015 letter is attached hereto as Exhibit C.

26.     On or about November 12, 2015, Honey-Can-Do responded to the October 28, 2015 letter, denying infringement and refusing to cease distribution.  A true and correct copy of the November 12, 2015 letter is attached hereto as Exhibit D.

27.     Despite notice being provided to Honey-Can-Do of its infringing conduct, Honey-Can-Do has knowingly advertised, offered for sale, distributed, and sold the Patent Infringing Product.

**Registration No. 4446194 and the GARBINO® Trash Can**

28.     On or about September 25, 2012, Umbra filed a trade dress application with the United States Patent and Trademark Office (the "PTO").  On December 10, 2013, the PTO duly and legally issued U.S. Trademark Registration No. 4446194 for "bath, kitchen and household accessories, namely, containers for household or kitchen use, trash cans, wastebaskets, laundry baskets, garbage cans."  A true and correct copy of U.S. Trademark Registration No. 4446194 is attached hereto as Exhibit E.

29.     U.S. Registration No. 4446194 is described as the "mark consist[ing] of trade dress for the appearance and design of a trash container with a continuously undulating rim, a tapering cross section from a larger diameter at the top of the trash container to a smaller diameter at the bottom of the trash container in a slightly curved or non-linear manner, and a circular cross section at any given height, except at the top portion about the undulating rim with handles that are ellipsoid apertures."

30.     Umbra is the owner of the entire right, title, and interest in and to U.S. Registration No. 4446194, and as such, has the right to sue and recover for past, present, and future infringement of U.S. Registration No. 4446194 and to obtain the relief claimed in this Complaint.  U.S. Registration No. 4446194 is in full force and effect.

31.     Umbra has advertised, offered for sale, and sold throughout the United States and elsewhere a trash can commonly known and marketed as the GARBINO® trash can, which embodies the design and drawings of U.S. Registration No. 4446194.  The GARBINO® trash can has been marketed and sold for 19 years.

32.     On information and belief, without Umbra's authorization, Honey-Can-Do advertises, offers for sale, distributes, and sells a product embodying the trade dress of Umbra's

GARBINO® trash can under the name "Laundry Tote" (the "Trade Dress Infringing Product") in this judicial district and throughout the United States.  A true and correct copy of the Trade Dress Infringing Product's packaging is included below.

33.    Honey-Can-Do has disregarded and violated Umbra's rights in the '172 Patent and U.S. Registration No. 4446194.  Umbra has no other recourse than requesting assistance from the Court.

**COUNT I**
**Infringement of the '172 Patent**

34.    Umbra incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 33 above.

35.    On information and belief, Honey-Can-Do has infringed and continues to infringe the '172 Patent by using, offering to sell, selling, promoting, and importing the Patent Infringing Product, in this District and elsewhere in the United States without Umbra's authorization in violation of 35 U.S.C. § 271(a).

36.    On information and belief, Honey-Can-Do has also contributed to the infringement of the '172 Patent and/or actively induced others to infringe the '172 Patent by encouraging and promoting the use, manufacture, importation, sale, and/or offer for sale by others of the Patent Infringing Product, in this District and elsewhere in the United States, in violation of 35 U.S.C. § 271(b).

37.    The Patent Infringing Product is substantially the same to the '172 Patent and the LITTLE BLACK DRESS® in the eye of an ordinary observer, giving such attention as a purchaser usually gives, inducing him to buy the Patent Infringing Product supposing it to be the LITTLE BLACK DRESS®, which embodies the design in the '172 Patent.

38.     In particular, the Patent Infringing Product is substantially similar to the
'172 Patent in the following ways:  both the '172 Patent and the Patent Infringing Product have a
hanging organizer comprised of a plurality of transparent pockets on one side (in both cases, 33
pockets) and hooks on the other side (in both cases, 24 hooks), having a distinctive dress shape
hanging off a hanger by two "sleeves."

39.     The chart below demonstrates Honey-Can-Do's infringement by comparing
the Patent Infringing Product to the figures from the '172 Patent:

| The '172 Patent | The Infringing Product |
|---|---|
| Figure 1 |  |  |
| Figure 2 |  |  |

| | | |
|---|---|---|
| Figure 3 | Fig. 3 |  |
| Figure 4 | Fig. 4 |  |
| Figure 5 | Fig. 5 |  |
| Figure 6 | Fig. 6 |  |

| Figure 7 | <br>Fig. 7 |  |
| Figure 8 | <br>Fig. 8 |  |

40.     The overall ornamental design of the Patent Infringing Product is substantially the same as the '172 Patent.

41.     Honey-Can-Do had notice and actual knowledge of the '172 Patent since at least as early as October of 2015.

42.     Umbra is entitled to recover from Honey-Can-Do the damages sustained by Umbra resulting from Honey-Can-Do's wrongful acts in an amount subject to proof at trial.

43.     In addition, Honey-Can-Do's infringement of the '172 Patent has been willful and deliberate, entitling Umbra to increased damages under 35 U.S.C. § 284, to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 and to Honey-Can-Do's total profits from the sale of the Patent Infringing Product under 35 U.S.C. § 289.

**COUNT II**
**Trade Dress Infringement**

44.     Umbra incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 43 above.

45.     Umbra is the owner of all right, title, and interest in the trade dress associated with Trademark Registration No. 4446194.  The trade dress described in the U.S. Trademark Registration No. 4446194 and embodied in the GARBINO® trash can includes, but is not limited to, a container with a continuously undulating rim, a tapering cross section from a larger diameter at the top of the trash container to a smaller diameter at the bottom of the trash

container in a slightly curved or non-linear manner, and a circular cross section at any given height, except at the top portion about the undulating rim with handles that are ellipsoid apertures.

46.     As a result of Umbra's use, sales, advertising, and promoting of its trade dress for the GARBINO® trash can, its dress is distinctive to Umbra and its product and has acquired secondary meaning.

47.     As a result of Umbra's use, sales, advertising, and promoting of its trade dress for the GARBINO® trash can for 19 years, its trade dress is strong.

48.     The Trade Dress Infringing Product includes continuously undulating rim, a taper cross section from a larger diameter at the top of the container to a smaller diameter at the bottom of the container in a slightly curved or non-linear manner, and a circular cross section at any given height, except at the top portion about the undulating rim.

49.     The chart below demonstrates Honey-Can-Do's infringement by comparing the Trade Dress Infringing Product to U.S. Trademark Registration No. 4446194 and the GARBINO® trash can.

50.     By using the trade dress of Umbra's U.S. Trademark Registration No. 4446194 and the GARBINO® trash can in connection with the creation, distribution, advertising, and sale of its Trade Dress Infringing Product, Honey-Can-Do has created a likelihood that consumers, retailers, and buyers will be confused, misled, or deceived into believing that Honey-Can-Do's Trade Dress Infringing Product was produced, distributed, sponsored, or endorsed by Umbra, and/or that Honey-Can-Do's Trade Dress Infringing Product was made from Umbra's designs.

51.     On information and belief, Honey-Can-Do has sought to capitalize on the goodwill and reputation that Umbra enjoys in U.S. Trademark Registration No. 4446194 and in

the GARBINO® trash can and to capitalize on and profit from buyer, viewer, distributor, retailer, and customer confusion by knowingly and deliberately adopting a trade dress confusingly similar to Umbra's trade dress, by selling the Trade Dress Infringing Product.

52.     Honey-Can-Do's sale and marketing of its similar Trade Dress Infringing Product is a false designation of origin or false description or representation under Lanham Act § 32(1), 15 U.S.C. § 1114(1).

53.     Umbra is entitled to recover from Honey-Can-Do the damages sustained by Umbra resulting from Honey-Can-Do's wrongful acts in an amount subject to proof at trial.

## COUNT III
## Unfair Competition

54.     Umbra incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 53 above.

55.     Umbra is the exclusive owner of the '172 Patent and Trademark Registration No. 4446194.

56.     Umbra has created the LITTLE BLACK DRESS® and GARBINO® trash can through extensive time, labor, skill, and money.

57.     On information and belief, Honey-Can-Do used Umbra's intellectual property in competition with Umbra, gaining an unfair advantage, because Honey-Can-Do bore little or no burden of expense of development.

58.     By creating products substantially similar to Umbra's, Honey-Can-Do has misappropriated a commercial advantage belonging to Umbra.

59.     By taking and using Umbra's protected designs to compete against Umbra, Honey-Can-Do has misappropriated a commercial advantage belonging to Umbra.

60. Honey-Can-Do has also engaged in bad faith misappropriation of the labors of Umbra which is likely to cause confusion, or to deceive purchasers as to the origin of the goods.

61. Honey-Can-Do's actions have caused significant commercial damage to Umbra.

62. Honey-Can-Do's acts have been intentional, willful, and in conscious disregard of Umbra's rights, entitling Umbra to the remedies provided under New York law.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Umbra demands judgment against defendant Honey-Can-Do as follows:

(1) Adjudging that defendant's Patent Infringing Product infringes the '172 Patent;

(2) Adjudging that defendant's infringement of the '172 Patent was willful and deliberate, and deeming this case exceptional under 35 U.S.C. § 285;

(3) Adjudging that defendant's Trade Dress Infringing Product infringes Trademark Registration No. 4446194;

(4) Adjudging defendant to have engaged in unfair competition with Umbra;

(5) Permanently enjoining the defendant, its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with defendant, from engaging in unfair competition with Umbra, and from infringing or inducing the infringement of the '172 Patent or U.S. Trademark Registration No. 4446194, and, specifically, from directly or indirectly making, using, selling, or offering for

sale any products embodying the inventions of the '172 Patent and/or U.S. Trademark Registration No. 4446194 during their terms, without the express written authority of Umbra.

(6)     Awarding Umbra damages in connection with Count I in an amount to be determined at trial, and the trebling thereof, pursuant to 35 U.S.C. § 284 or, alternatively, damages in connection with Count I pursuant to 35 U.S.C. § 289 based on an accounting of defendant's profits derived from its acts of infringement;

(7)     Awarding Umbra damages in connection with Count II in an amount to be determined at trial, including but not limited to all of defendant's profits and plaintiff's damages suffered as a result of defendant's infringing conduct;

(8)     Awarding Umbra damages in connection with Count III in an amount to be determined at trial;

(9)     Awarding Umbra its costs pursuant to 35 U.S.C. § 284 and its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117(a);

(10)    Awarding all such other and further relief as the Court deems just and proper under the circumstances.

New York, New York
January 8, 2016

Respectfully submitted,


CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP


By: _____ /s/ Turner P. Smith_____
      Turner P. Smith (TS 8052)
      Michael R. Graif (MG 4795)
      Nicole M. Mazanitis (NM 1983)
101 Park Avenue
New York, New York 10178
(212) 696-6000

*Attorneys for Plaintiff*